IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ABIGAIL ARROYO, **Plaintiffs,** v. PUERTO RICO POLICE DEPARTMENT, <u>et al.</u> **Defendants.** | CIVIL NO. 14-1186 (PAD) |

OPINION AND ORDER

*Pro se* plaintiff Abigail Arroyo filed this action pursuant to 42 U.S.C. § 1983 against the Puerto Rico Police Department ("PRPD"), asserting claims for police brutality for which he seeks monetary relief (Docket No. 1).   After the PRPD moved to dismiss the complaint, plaintiff was granted leave to file an Amended Complaint to include the Aguadilla Autonomous Government as a defendant (Docket Nos. 6 and 12, respectively).

In the Amended Complaint, plaintiff asserts that "[o]n June 20, 2013, Sgt. Castro (badge #8-1666) and Policeman Francisco Sánchez (badge #22791), of the Aguadilla, PR State Police Department, responded to a telephone call in regard to a dispute between neighbors at #3 Duda Street, Aguadilla, PR." (Docket No. 12 at ¶ 1).  Two persons named Gilberto Lausell-Ducos and Joel Crespo-Vázquez alleged that plaintiff had pointed a gun at them with the "intent to kill" Id. at ¶ 2.  These two individuals "handed a 9 milimiter [sic], black pistol that they had taken from Arroyo, to the Police."  Id. at ¶ 3. He further avers the individuals trespassed and assaulted him, disarming him at his own house. Id. at ¶ 4.  The police officers did not believe Arroyo nor included his contention in their "Incident Report # 2013-10-103-5828."  Id. at ¶ 5.

Arroyo alleges that the police report states that he was in the possession of an illegal firearm while he was in fact in possession of a legal firearm. <u>Id.</u> at ¶ 6.  He maintains that he requested that the police officers to conduct a narcotics tests to all of the parties present, but officer Sánchez just laughed at him because "he took it as a joke." <u>Id.</u> at ¶ 8.  Additionally, he states the police officers failed to read his Miranda rights; took his cellphone; and prevented him from calling his attorney. <u>Id.</u> at ¶¶ 9 and 10.  Other allegations in the Amended Complaint denunciate that the police did not allow him to appear before a Judge prior to being restrained and was "painfully" handcuffed and incarcerated immediately (<u>Id.</u> at ¶ 12); and that he was kept in a jail without sleep or nourishment. <u>Id.</u> at ¶ 13.

The next day, June 21, 2013, Arroyo was taken to the courthouse. <u>Id.</u> at ¶ 14. At the time, Arroyo was accompanied by an attorney.  While at "the courthouse waiting room, the Subjects (Lausell and Crespo), approached Arroyo and demanded a thirty five hundred ($3,500-) payment in return to withdraw all the criminal charges against him, but [his] lawyer advised him to refrain from giving any payment to his accusers." <u>Id.</u> at ¶ 15.

After that hearing, Arroyo claims he had to endure a demeaning judicial procedure which included being photographed and fingerprinted unnecessarily and paying $12,500.00 for his defense. <u>Id.</u> at ¶ 16. On November 6, 2013, the criminal proceeding against Arroyo ended when all charges were dismissed. <u>Id.</u> at ¶ 17. Although the status of the case in state court is unclear, Arroyo filed a complaint against Lausell and Crespo on February 24, 2014, under Case No. 2014-0017.

Based on these allegations, Arroyo claims defendants violated his civil rights under the U.S. Constitution and that he was subjected to police brutality (Docket No. 13 at p. 3). As relief, he requests the Court find "cause" against defendants and award him one million (1,000,000.00)

dollars for indemnification plus attorney's fees and costs.  Id.  He does not request injunctive relief.

Defendants PRPD and the Aguadilla Autonomous Government have moved to dismiss the case on

different grounds (Docket Nos. 15 and 24).  Plaintiff opposed at Docket No. 28.

## I.  DISCUSSION

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must allege a plausible

entitlement to relief.  Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st

Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-

Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007).

Plausibility involves a context-specific task calling on courts to examine the complaint as

a whole, separating factual allegations (which must be accepted as true) from conclusory

allegations (which need not be credited).  García-Catalán v. United States, 734 F.3d 100, 103 (1st

Cir. 2013); Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir.2012).  Even though detailed

factual allegations are not required, more than labels and conclusions are needed.  Ocasio-

Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  Where the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged

− but has not shown − that the pleader is entitled to relief.  Ashcroft v. Iqbal, 556 U.S. 663, 678

(2009).

### A.  The PRPD's Motion to Dismiss  (Docket No. 15)

In its motion to dismiss, the PRPD contends it is entitled to Eleventh Amendment

immunity. It is well settled law that the PRPD is an *alter ego* of the state and cannot be sued in

federal court for monetary damages.  Suárez-Cestero v. Pagán Rosa, 996 F.Supp. 133, 142-143

(1st Cir. 1998)(internal citations omitted).  Thus, the claim for monetary damages against the

PRPD must be dismissed.

Abigail Arroyo v. Puerto Rico Police Department, *et al.*
Civil No. 14-1186 (PAD)
Opinion and Order
Page 4

### B. Aguadilla Autonomous Government's Motion to Dismiss (Docket No. 19)

The Aguadilla Autonomous Government, in turn, moves to dismiss the complaint by asserting that the claims against it are based on the incorrect assumption that agent Sánchez is a member of the "Aguadilla Municipal Police Department," which is not the case (Docket No. 24). In support of this contention, the Municipality submitted the Sworn Statement under penalty of perjury of Luis R. Irizarry-Rosa, the "Police Commissioner of the Aguadilla Autonomous Government," stating that agent Sánchez is not a member of the Aguadilla Municipal Police Department. (Docket No. 24, Exh. 1 at ¶ 3).[1] Correspondingly, the Municipality asserts that since there is no other allegation and/or claim against it, the complaint should be dismissed for failure to state a claim upon which relief can be granted (Docket No. 24 at p. 4).

Plaintiff, in turn, admits that agents Sánchez and Castro are members of the PRPD. However, he disagrees with the Municipality's interpretation that the only link with the Municipality is agent Sánchez. To the contrary, he claims that defendants acted in concert to deprive him of his civil rights when the PRPD's agents "incarcerated Arroyo in the Aguadilla Municipal Jail." Id. at ¶ 3. He asks the Court "to take into account the fact that the [Municipality of Aguadilla] took him into custody without the due process of law." Id. at ¶ 2. Thus, as he candidly admits, the sole basis of plaintiff's claims against the Municipality of Aguadilla is the fact that he was allegedly incarcerated in a municipal facility.

As commonly defined, a civil rights conspiracy is a combination of two or more persons acting in concert to commit an unlawful act the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another. LeBaron v. Spencer, 527 Fed.Appx.

---

[1] Agent Irizarry-Rosa also states that agent Sánchez is or was a member of the PRPD at the time of the facts alleged in the complaint. Id. at ¶ 4.

Abigail Arroyo v. Puerto Rico Police Department, *et al.*
Civil No. 14-1186 (PAD)
Opinion and Order
Page 5

25, 33 (1st Cir. 2013); Correa-Figueroa v. Pesquera, 2014 WL4827427, *2 (September 29, 2014)(PAD).

To make out an actionable conspiracy under Section 1983, a plaintiff has to factually plead a conspiratorial agreement as well as an actual abridgment of some federally-secured right. Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001). The complaint must state with specificity the facts that, in the plaintiff's mind, show the existence and scope of the alleged conspiracy. See, Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977) and cases cited therein. Conclusory allegations are impuissant to state a claim. Brennan v. Hendrigan, 888 F.2d 189, 195 (1st Cir. 1989).

A careful reading of the second amended complaint, confirms it is devoid of a single contention in support of his conspiracy claim against the Municipality of Aguadilla. In fact, the only mention of the Municipality of Aguadilla in the amended complaint is as part of the prayer of relief that reads as follows ". . .the Aguadilla township Police took Arroyo into custody without the due process of Law; the Aguadilla township is an autonomous jurisdiction as a judicial 'person'; legally separated, and among other faculties, it operates as 'the corporation.'" (Docket No. 13 at p. 3). Nothing else. This, by itself, does not pass muster. Therefore, Arroyo's claims against the Municipality of Aguadilla must be dismissed.

The Court is aware that when a plaintiff complaining of civil rights violations is representing himself, the complaint must be read with an extra degree of solitude. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972). Nevertheless, a litigant's exercise of his right to self-representation does not exempt him from complying with the relevant rules of procedural and substantive law. Eagle Eye Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994).

<u>Abigail Arroyo</u> v. <u>Puerto Rico Police Department</u>, *et al.*
Civil No. 14-1186 (PAD)
Opinion and Order
Page 6

## II.  CONCLUSION

In light of the above, defendants' motions at Docket Nos. 15 and 24 are GRANTED and

the case DISMISSED WITH PREJUDICE.

Judgment shall be entered accordingly.

**SO ORDERED**.

In San Juan, Puerto Rico, this 20th day of November, 2014.

<u>s/Pedro A. Delgado-Hernández</u>
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge